IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| M.L. WARREN, TTE OF THE<br>SOVO TRUST FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN LEWIS and<br>HGREG LUX,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. 4:24-cv-00607-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 28, 2024, pro se plaintiff M.L. Warren ("Warren"), Trustee of the Sovo Trust Foundation, filed a civil complaint. ECF No. 1. His action has been referred to the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference under Special Order 3. ECF No. 4. After reviewing the pleadings and applicable legal authorities, the undersigned recommends that United States District Judge Reed O'Connor transfer the case to the United States District Court for the Southern District of Florida.

"When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). No special venue statute appears to apply to the instant case. The general venue statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b). The Court now considers whether venue is properly placed in the Fort Worth Division of the Court, particularly given that

the defendants' location indicates that venue may be better situated in the United States District Court for the Southern District of Florida.

In particular, the Complaint shows that none of the defendants appear to reside in the Fort Worth Division of the Court. ECF No. 1 at 1. Instead, defendants Steven Lewis and HGREG Lux have an address in Pompano Beach, Florida that is located within Broward County. *Id.*; Fed. R. Evid. 201. Broward County is the Southern District of Florida. 28 U.S.C. § 89(c). As all defendants reside in Broward County, Florida, venue would be proper in the Southern District of Florida. 28 U.S.C. § 1391(b)(1). Furthermore, this venue is likely to be more convenient for the defendants, and evidence appears likely to be located there.

The Court also observes that although the plaintiff states in the Complaint that his address is a post office box in Fort Worth, Texas, the Civil Cover Sheet reflects that his address is 3218 Cannan Church Road, Crawford, Texas. ECF No. 1 at 19. The Court notes that that address is in McLennan County, which is in the Waco Division of the United States District Court for the Western District of Texas. Fed. R. Evid. 201; 28 U.S.C. § 124(d). If the plaintiff does not reside in this Division, the Court apparently would have no contacts with the facts and parties involved in the case.

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975). The Court also may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Accordingly, under 28 U.S.C. § 1391 and in the interest of justice, the undersigned **RECOMMENDS** that Judge O'Connor transfer this action to the United States District Court for the Southern District of Florida.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 8, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE